UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ALFREDO GONZALEZ,

                    Plaintiff,

        v.

LEWIS COUNTY SHERIFF, et al.,

                    Defendants.

Case No. 3:26-cv-05458-TMC-TLF

ORDER TO SHOW CAUSE OR AMEND THE COMPLAINT

This matter is before the Court on plaintiff's filing of a civil rights complaint. Plaintiff is unrepresented by counsel and seeks *in forma pauperis* (IFP) status in this matter.[1] Considering deficiencies in the complaint discussed below, however, the undersigned will not direct service of the complaint at this time. On or before **August 2, 2026**, plaintiff must either show cause why this cause of action should not be dismissed or file an amended complaint.

## BACKGROUND

Plaintiff is a prisoner or detainee housed at Lewis County Jail. Dkt. 1-1. Plaintiff's complaint, brought pursuant to 42 U.S.C. § 1983, names the following defendants: Lewis County Sheriff and Lewis County Jail. Dkt. 1-1, at 1-2.

---

[1] The Court will defer ruling on plaintiff's motion to proceed IFP (Dkt. 4) until plaintiff either responds to this order or files an amended complaint.

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 1

Plaintiff alleges on or about April 20, 2025, he was booked into Lewis County Jail. Dkt. 1-1. He states he had multiple injuries and was withdrawing from an opioid use disorder medication known as suboxone. *Id.* Plaintiff indicates he reported the need to see medical staff to booking officers but was delayed in seeing medical staff until May 1, 2025, resulting in his condition worsening. *Id.* Plaintiff asserts that on April 20, 2025, he was moved to a medical observation unit and was housed in a cell with cold air blowing through the ventilation system and no access to hot water in the sink. *Id.* His requests to be moved were denied. *Id.* Plaintiff states on or about April 22, 2025, he was accused of intentionally withholding a spoon from the hot trays resulting in the floor officer issuing sack meals. *Id.*

Plaintiff states he then flooded his cell in an attempt to be moved to a cell with adequate living conditions. *Id.* He alleges on or about April 23, 2025, the floor officers discovered the flooded cell and dropped plaintiff's meal in the water – his request to have the meal replaced was denied. *Id.*

Plaintiff alleges on or about April 23-26, 2025, he had no uniform bottoms or bed, only one blanket and the water to the sink was turned off. *Id.* He alleges he could only flush his toilet or get water during hourly rounds if the floor staff was willing to do so. *Id.* He states he repeatedly asked floor staff for a bedroll because he was cold and was subject to cold temperatures from April 23-26, 2026, with only one blanket. *Id.*

He states on or about April 26, 2025, he kicked the cell door in an attempt to get a bedroll. *Id.* He alleges he was given an infraction and lost out-time the following day. *Id.* On or about April 27, 2025, plaintiff states he was given uniform bottoms and a bedroll. *Id.*

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 2

Plaintiff alleges he was medically cleared on or about May 1, 2025, and should have been able to go to a regular housing unit but was kept in the medical observation unit until on or about May 18, 2025. *Id.*

Plaintiff alleges his conditions of confinement led to his physical health worsening and to him contracting "Methicillin Resistant Staphylococcus Aureas" ("MRSA"). *Id.* He alleges he was treated for the infection until June 1, 2025, but was very sick and could hardly get out of bed. *Id.* Plaintiff alleges violations of his Eighth and Fourteenth Amendment rights. *Id.* He seeks a declaration defendants' actions violated his constitutional rights and money damages. *Id.*

DISCUSSION

The Court must dismiss the complaint of a prisoner proceeding *in forma pauperis* "at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a claim on which relief may be granted"' or (c) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a), (b). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984), *abrogated on other grounds by Neitzke v. Williams*, 490 U.S. 319 (1989).

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, though, it "must provide the [prisoner] with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997); *see also Sparling v. Hoffman Constr., Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Noll v. Carlson*, 809 F.2d 1446,

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 3

1449 (9th Cir. 1987). On the other hand, leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

**A.    Improper Defendant**

Plaintiff has named the Lewis County Jail as a defendant. 42 U.S.C. § 1983 applies to the actions of "persons" acting under color of state law. This definition includes municipalities, such as counties and cities. *Monell v. New York City Dept. of Social Service*s, 436 U.S. 658, 690 (1978).

To bring an appropriate § 1983 action, plaintiff is required to name the County, not a department of the County or a County facility where the alleged violations of federal law occurred. *Bradford v. City of Seattle*, 557 F. Supp. 2d 1189, 1207 (W.D. Wash. 2008).

The Lewis County Jail is a municipal department and as such is not a "person" within the meaning of § 1983. Therefore, defendant Lewis County Jail is an improper defendant in this § 1983 action. Accordingly, the Court declines to serve plaintiff's proposed complaint as to this defendant. Furthermore, if plaintiff intends to proceed against Lewis County, the municipality, as a defendant, he must name Lewis County as

a defendant and allege sufficient facts to establish municipal liability as discussed below.

**B.      Personal Participation/Municipal Liability**

Plaintiff also names the Lewis County Sheriff as a defendant but fails to state a colorable federal constitutional claim against him.

Plaintiff's complaint indicates he is attempting to pursue claims against the Lewis County Sheriff in his official and personal capacity. Dkt. 1-1 at 2.

To state a claim for relief under § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 5

conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

Plaintiff has not alleged any specific actions or inactions by the Lewis County Sheriff personally that resulted in an alleged constitutional violation. For instance, plaintiff does not allege the Lewis County Sheriff himself delayed plaintiff's medical treatment or denied him food or adequate living conditions, or that the Lewis County Sheriff was even aware of this alleged mistreatment. Therefore, plaintiff's allegations are insufficient to state a claim against the Lewis County Sheriff, in his personal capacity.

If plaintiff intends to allege claims against the Lewis County Sheriff in his official capacity, those claims are against the entity of Lewis County, and plaintiff fails to satisfy the requirements to state a municipal liability claim against the County under *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978). *See Monell*, 436 U.S. at 690, n. 55 ("[O]fficial capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent[.]")

A municipality or entity may only be held liable if its policies are the "moving force [behind] the constitutional violation." *City of Canton v. Harris*, 489 U.S. 378, 389 (1989) (quoting *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978)). To state a viable claim, a plaintiff must show the defendant entity's employees or agents acted through an official custom, pattern, or policy permitting deliberate indifference to, or violating, the plaintiff's civil rights, or that the entity ratified the unlawful conduct. *Id.*; *Monell*, 436 U.S. at 690–91; *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991).

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 6

Plaintiff has not alleged facts to support a plausible claim that the Lewis County Sheriff would be liable in his official capacity under *Monell*. 436 U.S. 658. The complaint asserts generalized allegations that plaintiff was denied adequate medical treatment, food and living conditions but does not link these alleged violations to any individual; plaintiff does not show Lewis County employees or agents acted through an official custom, pattern, or policy permitting deliberate indifference to, or violating, the plaintiff's civil rights, or that the entity ratified the unlawful conduct.

Plaintiff's conclusory allegations that the Lewis County Sheriff violated his rights, without alleging specific facts to establish liability in either a personal or official capacity, are insufficient to state a claim. *Monell*, 436 U.S. 658.

CONCLUSION

Due to the deficiencies described above, the Court will not serve the complaint. If plaintiff intends to pursue this action, he must file an amended complaint to cure, if possible, the deficiencies noted herein, **on or before August 2, 2026**. Within the amended complaint, plaintiff must write a short, plain statement telling the Court: (1) the constitutional or statutory right plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Each claim for relief must be simple, concise, and direct.

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint  must be legibly rewritten or retyped in its entirety and contain

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 7

the same case number. It may not incorporate any part of the original complaint by reference.

The amended complaint will act as a complete substitute for the original complaint, and not as a supplement. Any fact or cause of action alleged in the original complaint that is not alleged in the amended complaint is waived. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other grounds*, *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

The Court will screen the amended complaint to determine whether it states a claim for relief cognizable under 42 U.S.C. § 1983. **If the amended complaint is not timely filed or fails to adequately address the issues raised herein, the undersigned will recommend dismissal of this action** for failure to state a claim and for failure to comply with a court order and such dismissal may count as a strike under 28 U.S.C. § 1915(g).

The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service, a copy of this Order and the *Pro Se* Information Sheet. **The Clerk is further directed to re-note plaintiff's motion to proceed *in forma pauperis* (Dkt. 4) to August 2, 2026.**

Dated this 2nd day of July, 2026.

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 8